Judge Marrero

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :     INFORMATION

     v.                          :     08 Cr.

JIN YUN GAO,                      :     **08 CRIM 087**
MEI FANG ZHANG,
and QIANG YU,                     :
           Defendants.
                          :
- - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 0 5 2008

COUNT ONE

The United States Attorney charges:

1.    From at least in or about February 2007, up through and including in or about August 2007, in the Southern District of New York and elsewhere, JIN YUN GAO, MEI FANG ZHANG, and QIANG YU, the defendants, and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, Title 18, United States Code, Sections 2342(a) and 2315.

2.    It was a part and an object of the conspiracy that JIN YUN GAO, MEI FANG ZHANG, and QIANG YU, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did ship, transport, receive, possess, sell, distribute, and purchase contraband cigarettes, to wit, cigarettes that bear no evidence of the payment of applicable New York State cigarette taxes in New York State, in violation of Title 18, United States Code, Section 2342(a).

3. It was further a part and an object of the conspiracy that JIN YUN GAO, MEI FANG ZHANG, and QIANG YU, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did receive, possess, conceal, store, barter, sell, and dispose of falsely made, forged, altered, and counterfeited tax stamps, which were a part of, and which constituted interstate and foreign commerce, knowing that the tax stamps had been falsely made, forged, altered, and counterfeited, in violation of Title 18, United States Code, Section 2315.

## OVERT ACTS

4. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts were committed in the Southern District of New York and elsewhere:

   a. On or about February 13, 2007, in Queens, New York, JIN YUN GAO, the defendant, sold approximately 3,000 cartons of counterfeit cigarettes.

   b. On or about March 7, 2007, in New York, New York, GAO sold approximately 3,000 cartons of counterfeit cigarettes.

   c. On or about March 29, 2007, in Queens, New York, MEI FANG ZHANG, the defendant, sold approximately 15,000 counterfeit New York and Virginia cigarette tax stamps.

   d. On or about June 7, 2007, in Queens, New York, GAO purchased approximately 2,100 cartons of contraband cigarettes.

   e. On or about July 12, 2007, in Queens, New York, GAO and QIANG YU, the defendant, purchased 9,900 cartons of contraband cigarettes.

   (Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

   5. As a result of committing the cigarette trafficking and tax stamp offenses alleged in Count One of this Information, JIN YUN GAO, MEI FANG ZHANG, and QIANG YU, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to the following:

   a. A sum of United States currency representing the amount of proceeds obtained as a result of the offense.

   b. Approximately $75,390.00 in United States currency seized on or about August 10, 2007, from Safe Deposit Box Number 680 at Cathay Bank, 41-48 Main Street, Flushing, New York.

    c. Approximately $150,100 in United States currency seized on or about October 5, 2007, from Safe Deposit Box Number 1769 at Cathay Bank, 41-48 Main Street, Flushing, New York.

    d. Any and all contraband cigarettes within their possession, custody, and control, including those cigarettes seized on or about January 8, 9, and 10, 2008.

<u>Substitute Asset Provision</u>

    6. If any of the above-described forfeitable property, as a result of any act or omission of JIN YUN GAO, MEI FANG ZHANG, and QIANG YU, the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461.)

*[signature: Michael J. Garcia]*
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JIN YUN GAO,
MEI FANG ZHANG, and
QIANG YU,

Defendants.

**INFORMATION**

08 Cr.

(18 U.S.C. § 371.)

MICHAEL J. GARCIA
United States Attorney.